**U.E. SYSTEMS, INC., Plaintiff–Appellant,**

v.

**James M. HALL, Defendant–Appellee.**

**No. 01–9027.**

United States Court of Appeals, Second Circuit.

Aug. 14, 2003.

Stanley S. Zinner, Greene & Zinner, P.C., White Plains, N.Y., for Plaintiff–Appellant.

William H. Mulligan, Jr., Bleakley, Platt & Schmidt, LLP, White Plains, N.Y., for Defendant–Appellee.

Present: JACOBS and SOTOMAYOR, Circuit Judges.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED.**

U.E. Systems, Inc. appeals from a judgment entered in the United States District Court for the Southern District of New York, following a bench trial before Magistrate Judge Fox on consent of the parties under 28 U.S.C. § 636(c). The court dismissed all claims pursuant to Fed.R.Civ.P. 52(a). *See U.E. Systems, Inc. v. Hall,* 01 Civ. 0202(MDF) (S.D.N.Y. Sept. 3, 2001).

"We review a district court's bench trial findings of fact for clear error...." *Henrietta D. v. Bloomberg,* 331 F.3d 261, 271 (2d Cir.2003). "[D]ue regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a). Appellant U.E. Systems principally challenges the trial court's reliance on the testimony of a former executive, Terrence O'Hanlon, minimizing the value of the customer information at issue here. Appellant argues that his testimony is incredible in light of the millions of dollars purportedly spent collecting that information during his tenure. But the record is unclear as to how much of these millions represented expenditures for general advertising and promotion rather than specifically for developing the customer information at issue. Thus, we see no reason to disturb the credibility determinations of the trial court.

The customer information that U.E. Systems seeks to protect is an asset subject to contractual protections that the district court held Hall had not breached. Under New York law, courts must consider several factors in determining whether customer information constitutes a trade secret entitled to extra-contractual protection: (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; and (6) the ease or difficulty with which

---

\* The Honorable Fred I. Parker, who was a member of the panel died following argument, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* Local Rule § 0.14(b).

the information could be properly acquired or duplicated by others. *Ashland Management Inc. v. Janien,* 82 N.Y.2d 395, 604 N.Y.S.2d 912, 918, 624 N.E.2d 1007 (1993) (quotation marks and citation omitted). After due consideration of these factors, the district court concluded that the information was not a trade secret. We affirm for substantially the reasons stated by the court.